J-S06036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DUANE E. FULGER | |
| Appellant | No. 2812 EDA 2016 |

Appeal from the Judgment of Sentence August 18, 2016
in the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006387-2014

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED DECEMBER 19, 2017**

Appellant, Duane E. Fulger, appeals from the judgment of sentence entered after a jury found him guilty of rape of a child,[1] unlawful contact with a minor,[2] and related offenses. Following a remand by this Court, Appellant's post-trial counsel ("Counsel") has filed an amended petition to withdraw from representation, an amended letter apprising Appellant of his rights in this appeal, and an **Anders**/**Santiago**[3] brief. Counsel identifies a single issue in this appeal, a challenge to the sufficiency of the evidence. We deny counsel's

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(c).

[2] 18 Pa.C.S. § 6318(a)(1).

[3] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

petition to withdraw, vacate the judgment of sentence, and remand for further proceedings consistent with this memorandum.

In January 2012, L.W. ("Complainant") was seven years old. Complainant's father ("Father") left Complainant and her two-year-old sibling with his mother ("Grandmother") and went to a holiday party. Grandmother also left her home to go to a separate holiday party, and Appellant, Grandmother's boyfriend, remained with the children. While Father and Grandmother were at the parties, Appellant molested Complainant. Complainant reported the abuse to Father and Grandmother that evening or the following day. However, Grandmother and Father did not alert the authorities. Complainant later disclosed the abuse to her mother ("Mother") in Summer 2013. Mother arranged for Complainant to see a therapist, but did not alert authorities. Complainant eventually disclosed the abuse to her therapist. In November 2013, a forensic interviewer with Mission Kids Child Advocacy Center interviewed Complainant, and Complainant again disclosed the abuse. An investigation into the allegations commenced, and Appellant was charged on July 23, 2014.

At trial, Complainant testified that when she was six or seven years old, Appellant began getting into the tub with her during baths and would make her touch his penis. N.T., 10/8/15, 115-116, 119. Appellant "would grab her hand and move it over." *Id.* at 118. Appellant would state that "it would

make [him] and [her] feel better." *Id.* at 120. She believed that "maybe it was something normal." *Id.* at 121.

On the night that Father and Grandmother were at the holiday parties, Appellant got into the tub with her and made her touch his penis. *Id.* at 117. After one or two minutes, she pulled her hand away and said, "[N]o, I don't want to do this anymore." *Id.* at 122. She got out of the tub, put on a towel, got her pajamas from her room, and then went to Grandmother's room, where her sibling was sleeping. *Id.* at 122-23. When she was on the bed putting on her pajamas, Appellant came into the room naked, and he jumped on top of her and pinned down her wrists with his hands. *Id.* at 125. Complainant testified that "[h]is private part touched [her] private parts," that he licked her face, and that he was "moving up and down against [her] body." *Id.* at 126-27. She further testified that Appellant's penis went "in between" the "lips" of her vagina, and that it hurt. *Id.* at 127-28. Appellant apparently did not say anything during this attack. *See id.* at 125-28. Complainant managed to kick Appellant off of her. *Id.* at 128-29. Appellant left the room and told her not to tell anyone. *Id.* at 131.

In addition to Complainant's trial testimony, Father, Grandmother, Mother, the forensic interviewer, and the investigating detective testified for the Commonwealth. Appellant testified on his own behalf. On October 9, 2015, a jury found Appellant guilty of rape of a child, unlawful contact with a

minor, indecent assault—person less than thirteen years of age,[4] corruption of minors,[5] endangering welfare of children,[6] and attempted rape of a child.[7]

Appellant was represented at trial by Edward J. Rideout, III, Esq ("Trial Counsel"). On April 19, 2016, the trial court granted Attorney Rideout leave to withdraw and appointed Counsel to represent Appellant.

On August 18, 2016, the trial court sentenced Appellant to serve consecutive terms of imprisonment of twenty to forty years for rape of a child[8] and ten to twenty years for unlawful contact with a minor. The Commonwealth did not seek mandatory minimum sentences, and Appellant was found not to be a sexually violent predator.

Appellant did not file post-sentence motions,[9] but timely filed a notice of appeal. This appeal followed.

---

[4] 18 Pa.C.S. § 3126(a)(7).

[5] 18 Pa.C.S. § 6301(a)(1)(ii).

[6] 18 Pa.C.S. § 4304(a)(1).

[7] 18 Pa.C.S. §§ 901, 3121(c).

[8] *See* 18 Pa.C.S. § 3121(e)(1) (establishing forty year maximum sentence for rape of a child).

[9] Although Appellant sent the trial court various *pro se* motions, the trial court properly placed them in the record and forwarded copies to Appellant's counsel. *See* Pa.R.Crim.P. 576(A)(4). We also note that Appellant stated at sentencing that he intended to challenge the weight of the evidence. However, because no counseled post-sentence motion was filed, that issue is waived. *See* Pa.R.Crim.P. 607; ***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009). Additionally, Appellant asserted that Trial Counsel and

Counsel's **Anders**/**Santiago** brief identifies the following issue: "Was there sufficient evidence presented at trial to allow a jury to find [Appellant] guilty beyond a reasonable doubt?" **Anders**/**Santiago** Brief at 3.

It is well settled that

> [t]his Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues . . . .
>
> > Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
> >
> > > (1) provide a summary of the procedural history and facts, with citations to the record;
> > >
> > > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> > >
> > > (3) set forth counsel's conclusion that the appeal is frivolous; and
> > >
> > > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
> >
> > Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

---

Counsel were ineffective, but acknowledged that he would have to wait until his direct appeal was over before raising those claims. **See Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014) (citations omitted).

Instantly, Counsel states in his amended petition that he "made a thorough review of the record, applicable Pennsylvania Statute [sic], and applicable Pennsylvania Case Law" and has concluded that "**Appellant's assertion of insufficient evidence is without merit**." Am. Pet. for Leave to Withdraw, 3/10/17, at ¶ 10 (emphasis added). Counsel has also filed with this Court his revised letter, which states that Counsel has supplied Appellant with copies of his petition to withdraw and a copy of his ***Anders***/***Santiago*** brief. Counsel's Letter to Appellant, 3/9/17. Counsel advises Appellant that he has "the right to retain new counsel or to proceed *pro se* and may raise any additional point [he] deem[s] worthy of consideration by writing directly" to this Court, and that he must respond within sixty days. ***Id.*** (italics added).

We are troubled, however, that Counsel's petition to withdraw contains the same language that this Court took issue with when first remanding this matter. Specifically, Paragraph 14 of the amended petition states:

> Counsel request[s] that he be permitted to withdraw as counsel, so that Defendant/Appellant may either be appointed new counsel or proceed *pro se* in pursuing the filing of an Amended Concise Statement of Matters Complained of on Appeal and subsequent briefing and litigation of his direct appeal.

Pet. for Leave to Withdraw, 3/10/17, at ¶ 14. As noted previously, this language misstates Appellant's right to retain new counsel or proceed *pro se*

in this appeal. The continued presence of this language creates unnecessary ambiguity regarding Appellant's rights if Counsel's petition to withdraw were granted.

Additionally, as noted previously, Counsel has not averred in his amended petition that he believes this appeal is frivolous based on his conscientious review of the record and law. He merely asserts that Appellant's intended issue is meritless.

However, we need not address whether an additional remand is necessary to satisfy the withdrawal procedures of **Anders** and **Santiago**, because a different issue requires remand. Specifically, the sentence for unlawful contact with a child is illegal and warrants vacating the judgment of sentence.

The proper grading of an offense implicates the legality of sentence, and this Court may raise a legality of the sentence issue *sua sponte*. **See Commonwealth v. Aikens**, 168 A.3d 137, 140 (Pa. 2017). In so doing, the standard of review is *de novo*, and the scope of our review is plenary. **Id.** at 141.

Unlawful contact with a minor is defined, in relevant part, as follows:

> **(a) Offense defined --** A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

> (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

18 Pa.C.S. § 6318(a)(1).[10]

The grading provision of unlawful contact with a minor states:

> **(b) Grading --** A violation of subsection (a) is:
>
> (1) an offense of the same grade and degree as the most serious underlying offense in subsection (a) for which the defendant contacted the minor; or
>
> (2) a felony of the third degree;
>
> whichever is greater.

18 Pa.C.S. § 6318(b). The "grading of the offense of unlawful contact with a minor is dependent upon the underlying offense, which is the purpose for which the accused contacted the minor." **Commonwealth v. Miller**, 35 A.3d 1206, 1211 (Pa. 2012).

In **Apprendi v. New Jersey**, 530 U.S. 466 (2000), the United States Supreme Court held that except for prior convictions,

> any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. . . . "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."

**Id.** at 490 (citations omitted).

---

[10] Counsel's **Anders**/**Santiago** brief does not discuss the sufficiency of the evidence regarding Appellant's conviction for unlawful contact with a minor.

- 8 -

As set forth in Section 6318(b), unlawful contact with a minor is generally a felony-three, unless the defendant contacted the minor for the purpose of a felony-one or felony-two offense. *See* 18 Pa.C.S. § 6318(b); *Miller*, 35 A.3d 1206, 1211. The purpose of the contact, therefore, is a fact that increases the prescribed statutory maximum penalty from a felony-three to a felony-one or felony-two offense. *See* 18 Pa.C.S. § 1103(1)-(3) (prescribing maximum term of imprisonment of twenty years for felony-one offenses, ten years for felony-two offenses, and seven years for felony-three offenses). Accordingly, *Apprendi* applies to the proper grading of unlawful conduct with a minor and requires that a defendant's purpose to engage in a felony-one or felony-two sexual offense be submitted to the jury and found beyond a reasonable doubt.

Here, the Commonwealth charged Appellant with unlawful contact with a minor graded as a felony-one, but did not specify that Appellant contacted Complainant for the purposes of a felony-one offense. More significantly, the jury instruction regarding unlawful contact with a minor did not submit the specific question of whether Appellant's purpose was to engage in rape of a child, a felony-one sexual offense charged in this case, or any other felony-one offense. *See* N.T., 10/9/15, at 175-76 (indicating that jury was charged to find only whether Appellant's contact was for the purpose of engaging in an unlawful act under 18 Pa.C.S. Chapter 31 relating to sexual offenses), 192 (entering guilty verdict for unlawful contact with a minor without special

interrogatories).  All remaining sexual offenses were graded a felony-three or lower.  Upon further inquiry by this Court, the trial court has provided copies of the jury verdict form, which make clear that the jury did not specifically find that Appellant committed the unlawful contact of a minor for the purposes of a felony-one sexual offense.

Therefore, the applicable maximum sentence authorized by the verdict was seven years for felony-three unlawful contact with a minor.[11]  **See** 18

---

[11] We note that **Apprendi** errors are subject to plain error or harmless error analyses.  **See United States v. Cotton**, 535 U.S. 625, 633 (2002) (holding no relief due on an **Apprendi** violation where the evidence that the defendants' conspiracy involved at least fifty grams of cocaine base was "'overwhelming' and 'essentially' uncontroverted'"); **Commonwealth v. Belak**, 825 A.2d 1252, 1256 n.10 (Pa. 2003) (concluding that failure to submit question to jury regarding whether victims were home during burglaries, when the defendant previously stipulated to that fact precluded relief based on **Apprendi**).

In the instant case, Complainant's testimony that Appellant came into the bedroom naked, jumped on top of her, pinned her down with his body, and held down her wrists was arguably sufficient to prove contact for the purpose of engaging in rape of a child.  **See Commonwealth v. Velez**, 51 A.3d 260, 267 (Pa. Super. 2012) (noting that evidence of contact must exceed the evidence necessary to sustain the conviction for a sexual offense and that jury could have inferred that the defendant directed the victim to unclothe or place her knees in the air).  However, Appellant not only denied Complainant's testimony that any assaults occurred, but also raised inconsistencies based on Father's and Grandmother's statements regarding Complainant's initial reports of the rape.  During closing arguments, the Commonwealth did not expressly assert that the jury should find Appellant guilty of unlawful contact with a minor for the purpose of rape of a child.  Rather, it noted that Appellant would commit the offense based on any direct contact for the purpose of engaging in a sexual offense and illustrated that Appellant could be found guilty if he told Complainant to touch his penis.  Thus, the Commonwealth appeared to argue felony-three unlawful contact with a minor based on the felony-three charge of indecent assault.  Under these circumstances, the

Pa.C.S. § 1103(2); *Apprendi*, 530 U.S. at 490. Consequently, Appellant's sentence of ten to twenty years' imprisonment for that offense must be vacated. Because the trial court directed the sentence for the unlawful contact with a minor to run consecutively to the sentence for rape of a child, the overall sentencing scheme has been disturbed. Accordingly, we must vacate the judgment of sentence and remand this matter to the trial court for resentencing. *See Commonwealth v. Tanner*, 61 A.3d 1043, 1048 (Pa. Super. 2013).

Judgment of sentence vacated. Case remanded for resentencing. Counsel's petition to withdraw denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2017

---

evidence was not so overwhelming or essentially uncontradicted that the *Apprendi* error was harmless.