J-S61037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2506 EDA 2017 |

Appeal from the PCRA Order July 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0009977-2014
CP-51-CR-0009978-2014
CP-51-CR-0010014-2014
CP-51-CR-0010015-2014

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.:                    **FILED MAY 31, 2019**

Appellant, Richard Williams, appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. 9541-9546. We affirm in part and vacate in part.

In separate offenses, Appellant robbed four pizza delivery persons at gunpoint.  On October 22, 2014, he entered a counseled, negotiated guilty plea to four counts of robbery, threat of immediate serious bodily injury, 18 Pa.C.S.A. § 3701(a)(1)(ii), and four counts of violation of the Pennsylvania Uniform Firearms Act of 1995 ("VUFA"), 18 Pa.C.S.A. § 6105(a)(1), persons not to possess firearms.

As part of the plea negotiations, the Commonwealth withdrew numerous other charges, including firearms not to be carried without a license, criminal

use of a communications facility, criminal attempt–theft by unlawful taking, simple assault, and reckless endangerment. Appellant did not file a post-sentence motion or direct appeal.

That same day the trial court imposed the agreed-on sentence of not less than seven and one-half nor more than fifteen years of incarceration in a state correctional institution for each count. The court imposed all sentences to run concurrently.

On August 24, 2015, Appellant filed a timely PCRA petition, *pro se*, but withdrew it on September 1, 2015. Shortly thereafter, on October 13, 2015, Appellant filed an application for assignment of counsel. On May 6, 2016, a judge was assigned to decide the application, and the dockets contain an entry for "PCRA Scheduled." On May 11, 2016, the dockets indicate that counsel was appointed to represent Appellant.

Later, on July 10, 2016, Appellant, *pro se*, filed a "supplemental" petition, apparently without prior leave of court. There is no indication that appointed counsel ever filed a petition on Appellant's behalf. Nevertheless, counsel filed a **Turner**/**Finley**[1] letter and was granted permission to withdraw in the PCRA court. The PCRA court then addressed the claim in Appellant's supplemental *pro se* filing, a challenge to mandatory minimum sentencing pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013). The PCRA court

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

rejected the claim on the merits because Appellant received a negotiated sentence, not a mandatory minimum sentence. This timely appeal followed.

We must first address the issue of our jurisdiction to entertain this appeal. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Appellant's judgment of sentence became final on November 21, 2014, when his time for seeking direct review with this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3)(judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review"). Therefore, he had until Monday, November 23, 2015 to file a timely PCRA petition.

Appellant filed a timely, *pro se* petition on August 24, 2015. He subsequently withdrew the petition before counsel was appointed. On October 13, 2015, Appellant filed his application for appointment of counsel, which the

PCRA court treated as a PCRA petition. The PCRA court appointed counsel, but Appellant subsequently filed a "supplemental petition" *pro se*. Well-established Pennsylvania law provides that a defendant is not entitled to file documents *pro se* while represented by counsel. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1141 (Pa. 1993) (defendant does not have the constitutional right to self-representation as well as counseled representation at the trial or appellate level). Therefore, we generally treat *pro se* filings while an appellant remains represented as legal nullities. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (reiterating that hybrid representation is not permitted).

Here, however, appointed counsel never filed a petition. Instead, counsel reviewed the issue raised by Appellant in his initial, timely, *pro se* petition and his "supplemental petition," and concluded Appellant's issues were "without merit." **See Turner/Finley** Letter, 6/2/17.[2]

Under these circumstances, we conclude that we have jurisdiction to review Appellant's claims under the PCRA. The PCRA court treated his October 13, 2015 filing as a PCRA petition. This filing was timely under the PCRA. This

---

[2] Interestingly, counsel reviewed Appellant's sentences in the context of Appellant's claim that plea counsel had improperly advised him on the maximum sentence he faced if he refused the plea agreement. In this analysis, counsel noted, "the statutory maximum for each count of [VUFA] is 10 years." **Turner/Finley** Letter, 6/2/17, at 2 (unnumbered).

- 4 -

petition did not seek any relief outside the appointment of counsel. In addition, since Appellant's subsequent *pro se* supplemental PCRA petition is a legal nullity, Appellant has waived all claims for relief. However, the October 13, 2015, filing preserved our jurisdiction to address any non-waiveable claims of merit.[3]

We review an order denying collateral relief under the PCRA to determine whether evidence of record supports the findings of the PCRA court and whether its legal conclusions are free from error.  **See Commonwealth v. Mitchell**, 105 A.3d 1257, 1265 (Pa. 2014). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Id.** (citation omitted).  Pertinent to this appeal,

> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.  An illegal sentence must be vacated.  Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary.

**Commonwealth v. Aikens**, 139 A.3d 244, 245 (Pa. Super. 2016), *affirmed*, 168 A.3d 137 (Pa. 2017) (citations omitted).

_____

[3] While we agree with the PCRA court's conclusion that Appellant's Pa.R.A.P. 1925(b) statement was too vague to preserve any issues on appeal, we still must address Appellant's challenge to the legality of his sentence, as this claim is non-waiveable. **See Commonwealth v. Hawkins**, 45 A.3d 1123, 1130 (Pa. Super. 2012).

Appellant argues on appeal that his sentence exceeds the legal maximum. **See** Appellant's Brief at 11-12. Challenges to an illegal sentence can never be waived, so long as the reviewing court has jurisdiction. **See Commonwealth v. Randal**, 837 A.2d 1211, 1214-1215 (Pa. Super. 2003) (*en banc*).

The parties do not dispute, and a review of the record confirms, that the sentencing court imposed identical sentences of seven-and-a-half to fifteen years of incarceration for each VUFA count entered in the guilty plea, to run concurrently. Appellant's VUFA violations are graded as a felony of the second degree. **See** 18 Pa.C.S.A. § 6105(a.1)(1). In the case of a felony of the second degree, a sentence of imprisonment shall not exceed ten years. **See** 18 Pa.C.S.A. § 1103(2). Accordingly, Appellant's maximum sentence of fifteen years' incarceration for the VUFA violations was illegal. The Commonwealth concedes that the VUFA sentences are illegal.

The PCRA court defends the sentence, reasoning in part that **Alleyne** did not apply and in part, that Appellant faced an aggregate sentence "far above the negotiated sentence." PCRA Ct. Op. at unnumbered page 7. However, that fact in itself does not preclude Appellant's challenge. "Even when there has been a plea agreement involving a negotiated sentence, an appellant may challenge the sentence as being illegal." **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 n.1 (Pa. Super. 2008) (citation omitted). Appellant's sentence, as imposed, was still illegal.

Appellant asks this Court to remand for resentencing. The Commonwealth opposes a remand. We agree with the Commonwealth that a remand is unnecessary.

> If our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan. By contrast, if our decision does not alter the overall scheme, there is no need for a remand.

***Commonwealth v. Thur***, 906 A.2d 552, 569–70 (Pa. Super. 2006) (citations omitted). The sentencing court imposed identical sentences on the VUFA convictions and the robbery convictions. Further, all sentences were concurrent. As a result, vacating the sentences for Appellant's VUFA offenses will not upset the overall sentencing scheme.

Order affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/31/19