**[J-46-2017]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 36 EAP 2016 |
| | : | |
| Appellee | : | Appeal from the Judgment of Superior |
| | : | Court entered on May 20, 2016, at No. |
| | : | 224 EDA 2015, affirming the Judgment |
| v. | : | of Sentence entered on August 7, 2014 |
| | : | in the Court of Common Pleas, |
| | : | Philadelphia County, Criminal Division |
| MARKEITH AIKENS, | : | at No. CP-51-CR-0003098-2013. |
| | : | |
| Appellant | : | SUBMITTED: April 18, 2017 |


**OPINION**


**JUSTICE BAER**                                              **DECIDED: August 22, 2017**

This appeal requires the Court to determine the proper grading for sentencing of a defendant's conviction for unlawful contact with a minor, 18 Pa.C.S. § 6318,[1] when the grading is based on the offense for which the defendant contacted the minor, here involuntary deviate sexual intercourse (IDSI), but where the jury ultimately acquitted the defendant of that substantive offense. Here, because the trial court instructed the jury that if it concluded the purpose of contacting the minor was to engage in IDSI, Appellant would be guilty of unlawful contact with a minor, and the jury convicted Appellant of that crime, the court properly graded the crime as a first-degree felony. Accordingly, we affirm the Superior Court's judgment.

---

[1] The relevant text of Section 6318 is set forth *infra* at pages 2-3.

In 2013, the Commonwealth charged Markeith Aikens (Appellant) with unlawful contact with a minor and IDSI, both graded as first-degree felonies, as well as corruption of minors, graded as a third-degree felony.[2] The matter proceeded to a jury trial, at the end of which the trial court instructed the jury, in relevant part, as follows:

> The [Appellant] has been charged with unlawful contact with a minor. To find [Appellant] guilty of this offense, you must find that each of the following elements has been proven beyond a reasonable doubt: First, that [Appellant] was intentionally in contact with a minor -- the victim in this case -- second, that that contact was for the purpose of engaging in an unlawful act -- and in this case, that unlawful act is alleged to be [IDSI], the crime that we just discussed …

Notes of Testimony (N.T.), 4/24/2014, at 95. Following trial, the jury convicted Appellant of unlawful contact with a minor and corruption of minors, and it acquitted him of IDSI.

Prior to sentencing, Appellant presented an oral motion for extraordinary relief pursuant to Pa.R.Crim.P. 704.[3] Among Appellant's claims was a challenge to the grading of his conviction for unlawful contact with a minor as a first-degree felony pursuant to Section 6318. That section provides, in relevant part:

> **(a) Offense defined.--**A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following … :

---

[2] The Commonwealth also charged Appellant with statutory sexual assault, indecent assault, and indecent exposure, but it did not proceed to trial on those charges and they are not at issue. We further note that, as the record in this matter is sealed to protect the identity of the minor involved and the facts of the underlying crimes are not relevant to the legal issue before us in any event, contrary to our normal practice, we do not discuss the facts surrounding the charges herein.

[3] Rule 704 provides that "[u]nder extraordinary circumstances, when the interests of justice require, the trial judge may, before sentencing, hear an oral motion in arrest of judgment, for a judgment of acquittal, or for a new trial." Pa.R.Crim.P. 704(B). The trial court evidently construed the rule to encompass Appellant's argument. The propriety of that decision is not before us.

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

\*\*\*

**(b) Grading.--**A violation of subsection (a) is:

(1) an offense of the same grade and degree as the most serious underlying offense in subsection (a) [herein Chapter 31 offenses] for which the defendant contacted the minor; or

(2) a felony of the third degree;

whichever is greater.

18 Pa.C.S. § 6318(a)-(b).  Thus, if a defendant unlawfully contacts a minor for purposes of engaging in any underlying offense set forth in subsection 6318(a), including any Chapter 31 offense,[4] then pursuant to subsection 6318(b), the grading of the crime of unlawful contact with a minor is the same as the grading of the underlying offense. Pertinent to this case, IDSI is categorized as a first-degree felony under Chapter 31 of the Crimes Code.  *See* 18 Pa.C.S. § 3123.  Accordingly, if a defendant unlawfully contacts a minor for purposes of engaging in IDSI, then the unlawful contact with a minor crime is graded as a first-degree felony.

In support of his contrary position, Appellant contended that, given his acquittal for IDSI, his conviction for unlawful contact with a minor should be graded as a third-degree felony under the default provision of subsection 6318(b)(2).  In support he cited *Commonwealth v. Reed*, 9 A.3d 1138 (Pa. 2010).  As discussed below, this Court in *Reed* held that the default grading provision of subsection 6318(b)(2)[5] applied to a

---

[4] There are more than ten sexual offenses set forth in Chapter 31, including rape, statutory sexual assault, IDSI, sexual assault, aggravated indecent assault, indecent assault, and indecent exposure.

[5] As indicated above, the current default grading for the crime of unlawful contact with a minor is a third-degree felony.  When *Reed* was decided, subsection 6318(b) provided that the default grading for the crime was a first-degree misdemeanor.  *See Reed*, 9
(continued…)

defendant convicted of attempted unlawful contact with a minor when he was acquitted of attempting to commit various underlying Chapter 31 offenses. *Id.* at 1148. Of particular import herein, the *Reed* Court explained that, because of the defendant's acquittals on all of the underlying attempt crimes charged, the sentencing court was required to guess which offense the defendant sought to commit when he contacted the minor victim for purposes of Section 6318(b)(1) grading, a result the Court could not permit. *Id.* at 1147.

Here, the trial court denied Appellant's motion for extraordinary relief and proceeded to sentence him to an aggregate term of 7 to 15 years of imprisonment. Specifically, the trial court sentenced Appellant to a term of 6 to 12 years of imprisonment on his unlawful contact with a minor conviction, graded as a first-degree felony, and a consecutive term of 1 to 3 years of imprisonment on his corruption of minors conviction. Appellant then filed a post-sentence motion, renewing his argument that his conviction for unlawful contact with a minor should be graded as a third-degree felony under subsection 6318(b)(2). The trial court denied Appellant's post-sentence motion, and he appealed his judgment of sentence to the Superior Court.

In addressing Appellant's challenge in its opinion issued pursuant to Pa.R.A.P. 1925(a), the trial court explained that Appellant's unlawful contact with a minor conviction was properly graded as a first-degree felony because, here, the jury was specifically instructed that Appellant could be found guilty of that offense only if it found that the unlawful contact was made for the purpose of engaging in IDSI. Trial Court Opinion, 8/4/2015, at 16. Thus, the trial court reasoned, the jury needed to make a

_____

(…continued)
A.3d at 1143 n.6 (discussing the amendment to subsection 6318(b) which changed the default grading of an unlawful contact with a minor conviction to a third-degree felony).

specific finding of purpose in order to convict Appellant of unlawful contact with a minor. *Id.* The trial court explained that, unlike *Reed*, where the defendant was acquitted of various underlying attempt crimes and therefore it was not clear why the attempted contact was made, the court in this case did not have to guess as to the purpose of the prohibited contact because, based on the jury charge, the jury necessarily found that the purpose of Appellant's contact was to engage in IDSI, a first-degree felony. *Id.*

The Superior Court agreed that the jury instruction distinguished this case from *Reed*.[6] *Commonwealth v. Aikens*, 139 A.3d 244, 247-48 (Pa. Super. 2016). The court observed that, as the jury was clearly instructed that IDSI was the only Chapter 31 offense for which Appellant was accused of contacting the victim, it must have concluded as a matter of fact that Appellant contacted the victim for purposes of engaging in IDSI when it returned a guilty verdict on the unlawful contact with a minor charge even though Appellant was acquitted of actually engaging in IDSI with the victim. *Id.* at 248. The court explained that, because IDSI is graded as a first-degree felony, the jury found that a first-degree felony was "the most serious underlying offense … for

---

[6] Prior to its discussion of the jury instruction given in this case, the Superior Court attempted to distinguish *Reed* on the additional basis that in *Reed* the Commonwealth charged the defendant with attempted IDSI, rather than the substantive crime itself. *Commonwealth v. Aikens*, 139 A.3d 244, 247 (Pa. Super. 2016). In this regard, the court found it significant that the offense of unlawful contact with a minor requires a defendant to contact a minor "for the purpose of engaging in" one of the enumerated underlying offenses. *See* 18 Pa.C.S. § 6318(a). The court opined that contacting a minor for the purpose of engaging in an underlying offense is more similar to attempting to commit the underlying offense than it was to actually committing that offense. *See Aikens*, 139 A.3d at 247. By way of example, the court believed that contacting a minor for purposes of engaging in IDSI was more similar to attempting IDSI than it is to actually committing IDSI. Thus, the court found the jury's acquittal on the substantive offense of IDSI in the case before us to be "less 'relevant'" than the jury's criminal attempt acquittals in *Reed*. *Id.* (quoting *Reed*, 9 A.3d at 1146). As will be discussed *infra*, we do not view this as a valid or necessary distinction. *See* footnote 12 at 13.

which the defendant contacted the minor," thereby satisfying the grading requirements of subsection 6318(b)(1). *Id.* (quoting 18 Pa.C.S. § 6318(b)(1)). Thus, the court concluded that *Reed* did not preclude the higher grading of Appellant's unlawful contact with a minor conviction, as the trial court's sentence was consistent with the jury's verdict given the trial court's instruction.[7] *Id.* Thus, the Superior Court affirmed Appellant's judgment of sentence.

Appellant filed a petition for allowance of appeal, which we granted to decide the following issue: "Did the court illegally sentence [Appellant] on unlawful contact with a minor graded as an F-1 when it should have been graded as an F-3?" The question presented is one "of statutory interpretation by which we determine the lawfulness of the sentence imposed." *Reed*, 9 A.3d at 1142. As issues of statutory interpretation present this Court with questions of law, our standard of review is *de novo*, and our scope of review is plenary. *Commonwealth v. Samuel*, 961 A.2d 57, 60-61 (Pa. 2008). We are guided in our interpretation by the Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991, which provides that the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. 1 Pa.C.S. § 1921(a). When the words of a statute are clear and free from ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). Further, it is presumed that "the

---

[7] In a footnote, the Superior Court also observed that it appeared that the Commonwealth's approach of linking the grading of the offense to the jury instructions guarded against any constitutional problems, *see Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), while fully honoring the jury's verdict. *Aikens*, 139 A.3d at 248 n.4. The Superior Court further explained that Appellant's application of *Reed* to the instant case would lead to an absurd result, as it would render his sentence illegal notwithstanding the jury's finding regarding the purpose for which he contacted the minor, simply based on the manner in which the Commonwealth chose to charge the case. *Id.*

General Assembly does not intend a result that is absurd, impossible of execution or unreasonable," and that it "intends the entire statute to be effective and certain." 1 Pa.C.S. § 1922(1)-(2). Finally, penal statutes must be strictly construed, and any ambiguity that exists in the language of such a statute should be interpreted in the light most favorable to the accused. 1 Pa.C.S. § 1928(b)(1); *Commonwealth v. Hall*, 80 A.3d 1204, 1212 (Pa. 2013).

The focus of our inquiry centers on subsection 6318(b), which, as stated previously, provides that a conviction for unlawful contact with a minor is to be graded as "an offense of the same grade and degree as the most serious underlying offense in subsection [6318](a) for which the defendant contacted the minor," here, the Chapter 31 offense of IDSI, or "a felony of the third degree[,] whichever is greater." 18 Pa.C.S. § 6318(b). As indicated above, we have previously considered this provision in *Reed*. Thus, we begin our analysis with that case.

In *Reed*, the defendant was convicted of attempted unlawful contact with a minor but acquitted of the underlying Chapter 31 attempt offenses, some of which were first-degree felonies and some of which were of lesser grades. In determining the proper grading for the defendant's crime, this Court observed that Section 6318 does not require that a defendant even be charged with, let alone convicted of, any underlying substantive offense for which he contacted the minor. *Id.* at 1145-46. Concomitantly, the Court noted that, as Chapter 31 offenses were not predicate offenses for Section 6318, a defendant need not be successful in completing the purpose of his communication with a minor in order to be convicted of unlawful contact with a minor. *Id.* at 1146.

Despite the above observations, this Court reasoned that, when the Commonwealth chooses to charge a defendant with a Chapter 31 offense, a

subsequent acquittal of that offense is relevant for sentencing purposes under subsection 6318(b). *Id.* In this regard, the Court was guided by *Commonwealth v. Magliocco*, 883 A.2d 479 (Pa. 2005), holding that a defendant's conviction for ethnic intimidation could not stand when he had been charged with and acquitted of terroristic threats, the predicate offense applicable in that case.[8] *Id.* at 493.

In *Magliocco*, the Court explained that the defendant need not be charged with or convicted of one of the predicate offenses in order to be convicted of ethnic intimidation.[9] *Id.* at 492. Further noting that inconsistent verdicts are permissible, the Court nonetheless observed that the matter before it presented unique circumstances: the defendant had been separately charged with and acquitted of terroristic threats, a crime which was "also a specific statutory element of another charged offense," ethnic intimidation. *Id.* The Court thus reasoned that, in order to convict Appellant of ethnic intimidation, the factfinder had to conclude beyond a reasonable doubt that the defendant "committed" the offense of terroristic threats. *Id.* at 492-93. Noting the "special weight" accorded acquittals under the law, the Court explained that because the Commonwealth had actually charged the defendant with terroristic threats, and the factfinder had specifically found through its acquittal that the defendant did not commit terroristic threats, his conviction for ethnic intimidation could not stand. *Id.* at 493.

---

[8] At the time relevant in *Magliocco*, a person committed the offense of ethnic intimidation "if, with malicious intention toward the race ... of another individual or group of individuals, he commit[ted] an offense under any other provision of this article or under Chapter 33 ... or under section 3503 ... or under section 5504 ... with respect to such individual ... or with respect to one or more members of such a group." *Magliocco*, 883 A.2d at 489.

[9] The *Magliocco* Court actually expanded on this point by stating that neither a charge nor conviction was needed "as long as [the Commonwealth] makes clear which offense it is pursuing as the predicate offense for purposes of the ethnic intimidation charge, and the factfinder is so made aware and, in the case of a jury, so charged." *Magliocco*, 883 A.2d at 492.

Returning to *Reed*, the Court noted that *Magliocco* had limited applicability given that *Magliocco* concerned a challenge to the sufficiency of the evidence and considered a statute requiring proof of a predicate crime. *Reed*, 9 A.3d at 1146. Nevertheless, the Court observed that the two cases were similar in that neither required the Commonwealth to charge the defendant with the crimes underlying the convictions under review. *Id.* at 1147. The *Reed* Court further found it significant that the Commonwealth did charge the underlying Chapter 31 attempt offenses, and that they ultimately resulted in acquittals. *Id.* Considering the "special weight" accorded acquittals under the law as emphasized in *Magliocco*, the Court explained that the defendant's acquittals could not be ignored when applying subsection 6318(b). *Id.* Indeed, the Court pointed out that, in light of the defendant's acquittals on the underlying Chapter 31 offenses, the sentencing court had to guess which offense he sought to commit when he contacted the minor, and that it could not countenance such an absurd result. *Id.* Thus, in giving special weight to the defendant's acquittals and strictly construing subsection 6318(b) in his favor, the *Reed* Court concluded that the default grading applied to the defendant's conviction, as the factfinder specifically determined that he did not commit the separately charged Chapter 31 offenses.[10] *Id.* at 1148.

Instantly, Appellant argues that this case is identical to and thus controlled by *Reed*. Specifically, Appellant argues that, just as the defendant in *Reed* was acquitted of the underlying Chapter 31 attempt crimes for which he was charged, he was

---

[10] Then-Justice, now Chief Justice Saylor wrote a concurring opinion in *Reed*, acknowledging that *Apprendi* was not implicated therein, but nonetheless observing that "[i]n the absence of a jury finding regarding which prohibited activity the defendant intended to engage in for purposes of an unlawful contact with a minor conviction, application of anything other than the default grading provision raises constitutional concerns under *Apprendi* …." *Reed*, 9 A.3d at 1148 (Saylor, J., concurring).

acquitted of the Chapter 31 offense for which he was charged. Appellant contends that, as a result, the court here was likewise left to guess the purpose for which he contacted the minor victim. Appellant contends that, in grading his unlawful contact with a minor conviction as a first-degree felony, the trial court ignored the jury's acquittal on the IDSI charge and improperly concluded that the contact was made for the purpose of engaging in IDSI. Appellant further challenges the trial court's reliance on its instruction to the jury in support of its conclusion, as the jury was not instructed that Appellant could be found guilty of unlawful contact with a minor only if it found that the purpose of the contact was to engage in IDSI. Rather, Appellant posits, the jury was merely instructed that the unlawful act was alleged to be IDSI. Appellant contends that this Court should find that the default grading in subsection 6318(b)(2) applies based upon the special weight afforded to acquittals and the pertinent principles of statutory construction, as the factfinder specifically determined that Appellant did not commit the separately charged offense of IDSI.

The Commonwealth argues that Appellant misinterprets *Reed* and errs by urging this Court to overextend it to find that his acquittal for IDSI categorically precludes grading his unlawful contact with a minor conviction greater than a third-degree felony. The Commonwealth contends that, while Appellant's acquittal of IDSI is relevant and cannot be ignored for sentencing purposes, *Reed* does not require his conviction to be graded as a third-degree felony. The Commonwealth distinguishes *Reed* on the basis that the trial court here specifically instructed the jury that Appellant's contact with the victim was alleged to be for the purpose of engaging in IDSI and, thus, this was the only basis upon which Appellant could have been convicted of unlawful contact with a minor. The Commonwealth contends that, where the court in *Reed* had to guess which offense the defendant sought to commit as a result of the multiple acquittals on the Chapter 31

attempt crimes therein and the absence of a jury instruction, there is no doubt here that the jury found that Appellant contacted the minor victim for the specific purpose of engaging in IDSI based upon the trial court's instruction and the jury's conviction. Thus, according to the Commonwealth, Appellant's conviction for unlawful contact with a minor was unequivocally a first-degree felony for purposes of subsection 6318(b), as the most serious and only offense underlying his conviction was IDSI, a first-degree felony.[11]

We conclude that the trial court properly graded Appellant's conviction for unlawful contact with a minor as a first-degree felony under the circumstances here presented. In so doing, we agree with the Commonwealth and the courts below that this case is readily distinguishable from *Reed* based upon the jury instructions given. As stated above, the trial court specifically instructed the jury that in order to find Appellant guilty of unlawful contact with a minor, it had to find beyond a reasonable doubt that the unlawful "contact was for the purpose of engaging in an unlawful act -- and in this case, that unlawful act is alleged to be [IDSI]." N.T., 4/24/2014, at 95. As jurors are presumed to follow the court's instructions, *see Commonwealth v. Bullock*, 913 A.2d 207, 218 (Pa. 2006), we further agree that in convicting Appellant of the offense of unlawful contact with a minor the jury necessarily found as fact that Appellant contacted the minor victim in this case for the specific purpose of engaging in IDSI.

Based on the foregoing, *Reed* does not require Appellant's conviction for unlawful contact with a minor to be graded as a third-degree felony. As highlighted earlier, the concern in *Reed* was that given the defendant's acquittals on multiple

---

[11] The Commonwealth further argues that *Reed* and *Magliocco* were wrongly decided and should be overruled or, at the least, clarified and not further extended. We decline the Commonwealth's invitation to revisit these decisions, as our disposition of this matter does not compromise the holdings in those cases.

Chapter 31 attempt offenses of varying grades there was no way for the sentencing court to determine which offense he sought to commit when he contacted his minor victim. Here, though Appellant was likewise acquitted of the Chapter 31 offense underlying his unlawful contact with a minor conviction, any guesswork this Court was concerned about in *Reed* regarding the purpose for which the defendant made the unlawful contact was eliminated by the trial court's instruction and jury verdict on that charge.

Moreover, while we recognize that *Reed* held that an acquittal cannot be ignored when applying subsection 6318(b) in light of the special weight accorded to acquittals under the law, *Reed* also emphasized that Section 6318 does not require a conviction on the underlying offense for which a defendant contacts the minor victim. To hold that Appellant's sentence is illegal based upon the IDSI acquittal and grade his conviction for unlawful contact with a minor as a third-degree felony in the face of the jury's finding that he contacted the minor to commit the first-degree felony of IDSI would lead to an absurd result, as pointed out by the Superior Court, and would fail to give effect to the entirety of Section 6318. *See* 1 Pa.C.S. § 1922(1)-(2). Indeed, the jury instruction approach used herein to grade Appellant's conviction for unlawful contact with a minor is precisely in line with the approach members of this Court contemplated in addressing issues arising out of the effect of acquittals on convictions in this and similar contexts. *See Reed*, 9 A.3d at 1148 (Saylor, J., concurring) ("In the absence of a jury finding regarding which prohibited activity the defendant intended to engage in for purposes of an unlawful contact with a minor conviction, application of anything other than the default grading provision raises constitutional concerns under *Apprendi* ...."); *see also Magliocco*, 883 A.2d at 492 (noting that the Commonwealth need not charge a defendant with the predicate offense for purposes of the ethnic intimidation statute "as

long as [the Commonwealth] makes clear which offense it is pursuing as the predicate offense for purposes of the ethnic intimidation charge, and the factfinder is so made aware and, in the case of a jury, so charged"). As such, we decline to accept Appellant's position.[12]

As a final note, we also observe that in their briefs to this Court, both parties provide additional arguments relating to the concept of inconsistent verdicts in support of their positions. However, we do not agree that this is a case involving inconsistent verdicts. Rather, the jury's verdicts merely indicate that Appellant did not actually commit IDSI with respect to the minor victim, but did unlawfully contact the minor victim for purposes of engaging in IDSI. *Cf. Magliocco*, 883 A.2d at 492 n.11 (concluding that the verdicts therein were inconsistent given that the ethnic intimidation statute incorporated the predicate offense as an element and explaining that "[a] factfinder cannot logically conclude that a defendant 'committed' the offense of terroristic threats for purposes of that element of ethnic intimidation, but did not 'commit' the offense for purposes of the terroristic threats charge itself"). As there is no logical inconsistency in

---

[12] Having concluded that Appellant's conviction was properly graded as a first-degree felony, we briefly address the Superior Court's rationale, which Appellant challenges, that the IDSI acquittal in this case was "less 'relevant'" than the acquittals on the attempt charges in *Reed* in light of the definition of the crime of unlawful contact with a minor. *Aikens*, 139 A.3d at 247 (quoting *Reed*, 9 A.3d at 1146). We agree with Appellant that the Superior Court's emphasis on the inchoate nature of the charged attempt crimes in *Reed* is incorrect, as our review of *Reed* does not reveal that this Court gave any consideration to the fact that the defendant therein was charged with and acquitted of inchoate crimes as opposed to the substantive crimes themselves. Nor do we find any basis for such reasoning in the statutory language of Section 6318. The critical analysis is not whether the offenses underlying the unlawful contact with a minor conviction are inchoate or substantive; rather, it is whether, in returning its guilty verdict on that charge, the factfinder clearly determined the purpose for which the defendant contacted the minor. Thus, to the extent the Superior Court's decision indicates that different weight is to be applied to acquittals on substantive crimes than those on inchoate crimes in this context, we do not endorse such an approach.

the verdicts rendered in this case, we need not further discuss the parties' arguments in this regard.

In sum, it is clear from the trial court's instructions to the jury and the jury's verdicts in this case that, though Appellant did not commit IDSI, he did commit unlawful contact with a minor for the purposes of engaging in IDSI. As it is undisputed that IDSI is a first-degree felony, the trial court properly graded Appellant's unlawful contact with a minor charge accordingly pursuant to subsection 6318(b). Thus, we affirm the judgment of the Superior Court.

Chief Justice Saylor and Justices Todd, Donohue, Dougherty and Wecht join the opinion.

Justice Mundy did not participate in the consideration or decision of this case.