J-S27039-19

2019 PA Super 231

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD W. POPE | : | |
| | : | |
| Appellant | : | No. 1778 WDA 2018 |

Appeal from the PCRA Order Entered November 15, 2018
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000531-2013

BEFORE: OLSON, J., OTT, J., and COLINS*, J.

OPINION BY COLINS, J.: FILED JULY 29, 2019

Appellant, Gerald W. Pope, appeals from the order that denied his first

petition filed under the Post Conviction Relief Act (PCRA).[1] Upon review, we

conclude that the trial court imposed an illegal sentence as to the unlawful

contact with a minor offense.[2] We therefore reverse the PCRA court's order,

vacate Appellant's judgment of sentence, and remand for resentencing.

This Court previously summarized the factual and procedural history of

this appeal as follows:

> K.H., who was born in December 1999, lived with her biological
> mother and her mother's boyfriend, Appellant, from the time she
> was three years old until she turned thirteen. N.T., 3/24/14, at
> 23. In January 2013, K.H. began dating B.V. Id. at 23-24.
> Appellant did not approve of the relationship. Id. at 26.
>
> K.H. eventually confided in a friend that Appellant told K.H. that
> she would have to perform various sexual acts for Appellant in

_____

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. § 6318(a)(1).

* Retired Senior Judge assigned to the Superior Court.

order to obtain permission to see her boyfriend. N.T., 3/24/14, at 24-25, 26, 41. At trial, K.H. testified that Appellant advised her of the following options if she wanted to see her boyfriend or friends, and the time that would accordingly be allotted: "He said one [hand job] would be for two hours, two would be four and a blow job would be the whole day." Id. at 26. K.H. testified that she gave Appellant a "hand job" in January 2013, in order to see her boyfriend. Id. at 29. She testified that this occurred after school and that she and Appellant were the only two people at home at the time. Id. at 29-30. She also testified that after performing this act, she was permitted to see her boyfriend, but that after two hours with her boyfriend elapsed, Appellant proceeded to the boyfriend's house and, standing outside, texted K.H., advising her that it was time to leave. Id. at 35-36.

K.H. further testified that she subsequently gave Appellant "hand jobs" on multiple occasions in order to see her boyfriend. N.T., 3/24/14, at 37. K.H. stated that no one else was in the home during these occasions that occurred after school. Id. at 37. K.H. also testified that on one occasion, Appellant "tried sticking [his penis] up my butt." Id. at 37.

K.H. testified that the first person she told about these incidents, approximately six months after they began, was her friend, E.K. N.T., 3/24/14, at 41. Although K.H. did not tell her father about these incidents, he indirectly found out after E.K. confided in another friend. Id. at 41-42. Upon learning of these assertions, K.H.'s father took her to the police station in order to report the incidents. Id. at 41-42.

Appellant was charged with one count of criminal attempt of involuntary deviate sexual intercourse [(IDSI)]; one count of aggravated [indecent] assault; one count of indecent assault; one count of unlawful contact with a minor and one count of corruption of minors.[3] Amended Information, 3/21/14, at 1-2. Following a jury trial, Appellant was convicted of unlawful contact with a minor and corruption of minors. He was found not guilty of the other charges.

_____

[3] 18 Pa.C.S. §§ 901(a), 3125(a)(8), 3126(a)(8), 6318(a)(1), and 6301(a)(1)(i), respectively.

> Appellant was sentenced on August 7, 2014, to a period of incarceration of 62-124 months. He timely appealed on September 2, 2014.

Commonwealth v. Pope, No. 1486 WDA 2014, unpublished memorandum at 1-3 (Pa. Super. filed June 1, 2015). This Court affirmed Appellant's conviction in a June 1, 2015 decision. Id. at 7-10. Appellant did not seek our Supreme Court's review of this Court's decision.

On January 13, 2016, Appellant filed his first, timely, pro se PCRA petition. On August 25, 2016, the PCRA court appointed counsel for Appellant in the PCRA proceedings. Appellant's first and second appointed counsel both withdrew from representation of Appellant, and, on April 26, 2017, the PCRA court appointed Appellant's current PCRA counsel, John Thomas, Esq. and granted him leave to file an amended PCRA petition. On August 15, 2017, Appellant, through his counsel, filed an amended petition alleging that he was denied effective assistance of counsel by his trial counsel based on his failure to file a request for a bill of particulars that would have cured deficiencies in the criminal information. The Commonwealth answered the amended PCRA petition, and Appellant then filed a motion for leave to amend the PCRA petition on November 28, 2017 to include an argument that, in the sentencing order, the trial court erroneously required Appellant to register for life under the Sex Offender Registration and Notification Act (SORNA)[4] when in fact he should only have been required to register for 25 years as a Tier II offender.

_____

[4] 42 Pa.C.S. §§ 9799.10-9799.42.

The PCRA court granted Appellant leave to amend his PCRA petition on June 20, 2018, and directed the parties file briefs on this additional issue. On July 18, 2018, Appellant filed a second motion for leave to amend the PCRA petition to include the argument that the trial court incorrectly graded the unlawful contact with a minor charge as a felony of the first degree. In a July 24, 2018 order, the PCRA court granted Appellant leave to amend and directed further briefs to be filed on this issue.

On November 15, 2018, the PCRA court entered an opinion and order granting in part and denying in part the PCRA petition. The PCRA court rejected Appellant's argument concerning the grading of the unlawful contact with a minor charge, concluding that Appellant's trial counsel was not ineffective for not objecting to the grading of the unlawful contact charge because he had an objectively reasonable basis for not challenging the grading on the unlawful contact count. PCRA Court Opinion at 4-7. In addition, the PCRA court concluded that Appellant's trial counsel was not ineffective for not filing a request for a bill of particulars but that Appellant's SORNA lifetime registration based on two convictions arising out of the same course of conduct was inappropriate under Commonwealth v. Lutz-Morrison, 143 A.3d 891 (Pa. 2016), and therefore Appellant could only be subjected to a 25-year registration period. PCRA Court Opinion at 1-4, 7-8. Appellant filed a timely appeal of the PCRA court's order. In his Pa.R.A.P. 1925(b) statement of errors

complained of on appeal, Appellant solely objected to the PCRA court's ruling concerning the grading of the unlawful contact with a minor offense.[5]

Appellant presents the following issues for our review:

I. Whether [Appellant's] trial counsel, Attorney Hackwelder, was ineffective for failing to correct the grading and offense gravity score attributed to the offense of Unlawful Contact with Minor, 18 Pa.C.S.A. §6318(a)(1) at the time of sentencing?

II. Whether [Appellant's] appellate counsel, Attorney Bulson, was ineffective for failing to argue on appeal that the grading and offense gravity score attributed to the offense of Unlawful Contact with Minor, 18 Pa.C.S.A. §6318(a)(1) was incorrect?

Appellant's Brief at 4. Appellant frames these issues as a claims of ineffective assistance of counsel arising out of his trial and appellate counsels' failure to challenge the first-degree felony grading of the unlawful contact with a minor offense. We conclude that the grading of the unlawful contact offense as a felony of the first degree was contrary to Section 6318 of the Crimes Code and relevant case law interpreting that statute and that the sentence imposed upon Appellant for this charge was consequently illegal. See Commonwealth v. Adams-Smith, ___ A.3d ___, 2019 PA Super 151, *14 (filed May 7, 2019) (challenge to legality of a sentence cannot be waived and may be raised sua sponte by an appellate court reviewing a ruling on a timely PCRA petition); Commonwealth v. Weimer, 167 A.3d 78, 83 n.6 (Pa. Super. 2017) (challenge to the proper grading of an offense implicates the legality of

_____

[5] Appellant filed his statement of errors complained of on appeal on December 18, 2018. The trial court entered a Rule 1925(a) statement on December 27, 2018.

the sentence). Therefore, we need not conduct an ineffective assistance of counsel analysis in this case.

When reviewing the legality of a sentence, our standard of review is de novo and our scope of review is plenary. Commonwealth v. Bickerstaff, 204 A.3d 988, 995 (Pa. Super. 2019). When a sentence lacks statutory authorization or exceeds the legal parameters prescribed by the applicable statute, the sentence is illegal and must be vacated, and the appellate court shall remand the matter for a corrected sentence to be imposed. Id.

Section 6318 of the Crimes Code, defining the offense of unlawful contact with a minor, provides as follows:

> (a) Offense defined.--A person commits an offense if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:
>
>> (1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).
>>
>> (2) Open lewdness as defined in section 5901 (relating to open lewdness).
>>
>> (3) Prostitution as defined in section 5902 (relating to prostitution and related offenses).
>>
>> (4) Obscene and other sexual materials and performances as defined in section 5903 (relating to obscene and other sexual materials and performances).
>>
>> (5) Sexual abuse of children as defined in section 6312 (relating to sexual abuse of children).
>>
>> (6) Sexual exploitation of children as defined in section 6320 (relating to sexual exploitation of children).

(b) Grading.--A violation of subsection (a) is:

(1) an offense of the same grade and degree as the most serious underlying offense in subsection (a) for which the defendant contacted the minor; or

(2) a felony of the third degree;

whichever is greater.

18 Pa.C.S. § 6318(a)-(b).

In Commonwealth v. Reed, 9 A.3d 1138 (Pa. 2010), our Supreme Court explained that the offenses listed in Section 6318(a)(1) to (6) are not predicate offenses for the crime of an unlawful contact with a minor. Id. at 1146. "Rather, a defendant is guilty under [S]ection 6318 if he or she contacts the minor for the purpose of engaging in the prohibited behaviors criminalized in Chapter 31" of the Crimes Code or the other offenses set forth in Section 6318(a). Weimer, 167 A.3d at 83 (emphasis in original); see also Reed, 9 A.3d at 1146. Thus, a defendant need not be convicted of a Section 6318(a)(1) to (6) offense to be found guilty of unlawful contact with a minor, and in fact need not even be separately charged with the underlying offense. Reed, 9 A.3d at 1146; Weimer, 167 A.3d at 83.

Our Supreme Court's decisions in Reed and Commonwealth v. Aikens, 168 A.3d 137 (Pa. 2017), and this Court's decision in Weimer each addressed the issue presently before us concerning the proper grading of unlawful contact with a minor offense where a defendant is acquitted of the underlying offenses under Section 6318(a). In Reed, the defendant was charged with attempted unlawful contact with a minor, graded as a first-

degree felony, along with four statutory Chapter 31 offenses, including two that were graded as first-degree felonies, one that was graded as a second-degree felony, and another that was graded as a second-degree misdemeanor. 9 A.3d at 1141. The defendant was convicted of attempted unlawful contact with a minor but acquitted of all four of the Chapter 31 offenses; the trial court imposed a sentence on the defendant for the unlawful contact conviction based on the first-degree felony grading, concluding that the felony grading for that offense was not contingent on conviction of the Chapter 31 offenses. Id. at 1141-42. The High Court concluded that, while the Commonwealth was not required to charge the defendant with the underlying offenses of Section 6318(a), the fact that he was charged with and then acquitted of those crimes "cannot be ignored when applying the appropriate grading under subsection 6318(b)." Id. at 1147. The Court stated that, in light of the fact the defendant was acquitted of each of the Chapter 31 offenses, it could not countenance a result where "the sentencing court had to guess which offense [the defendant] sought to commit when he contacted" the minor. Id. Thus, the Court vacated the defendant's sentence and remanded for the sentencing court to apply the default grading under Section 6318(b). Id. at 1148.

In Aikens, the defendant was charged with IDSI and unlawful contact with a minor, both graded as felonies of the first degree. 168 A.3d at 138. The jury instruction provided that to find the defendant guilty of the unlawful contact offense "you must find that . . . [the defendant] was intentionally in

contact with a minor . . . [and] that contact was for the purposes of engaging in an unlawful act—and in this case, that unlawful act is alleged to be [IDSI]." Id. The jury convicted the defendant of unlawful contact, but acquitted him of IDSI. Id. In his appeal challenging the first-degree grading for the unlawful contact charge, the defendant relied principally on Reed, but the Court distinguished Reed on the basis that the defendant in that case was charged with, and acquitted of, multiple Chapter 31 offenses, whereas the jury instruction in Aikens made clear that there was only one underlying Section 6318(a) offense, relieving the sentencing court of "any guesswork." Id. at 143-44. The Court concluded that as jurors are presumed to follow the court's instructions, the jury necessarily found that the unlawful contact was for the specific purpose of committing the first-degree offense of IDSI and therefore the grading of the unlawful contact charge as a first-degree felony was also proper. Id. at 143, 145.

Finally, in Weimer, the defendant was charged with unlawful contact with a minor, graded as a felony of the second degree, along with three Chapter 31 offenses, but was only convicted of the unlawful contact offense. 167 A.3d at 80, 84. On appeal, the defendant argued that the unlawful contact conviction should have taken the default grading of a third-degree felony because the jury instructions did not specify which of the Chapter 31 offenses the contact related to and the lowest grade of the charged Chapter 31 offenses was a misdemeanor of the second degree. Id. at 82-84. This Court determined that the lack of specificity in the jury instructions as to the

underlying Section 6318(a) offense left the trial court to "guess[] what crime [the defendant] sought to commit when he contacted the minor," a result that "is neither permitted or intended under the statute." Id. at 85. In such a case where the trial court lacked clarity on the underlying offense and the lowest possible Section 6318(a) offense was graded lower than the default grading of a felony of the third degree, we concluded that the default grading should have been applied. Id.

In the present matter, Appellant was charged in the criminal information with three Chapter 31 offenses that would qualify as underlying criminal conduct for Section 6318(a): attempted IDSI, a felony of the first degree; aggravated indecent assault, a felony of the second degree; and indecent assault, a misdemeanor of the second degree. Amended Criminal Information, 3/21/14. Appellant's unlawful contact with a minor count was also graded as a first-degree felony, and the information did not specify which of the Section 6318(a) offenses on which the charge was based.[6] Id.

The trial court charged the jury on the unlawful contact count, in relevant part, as follows:

> To find the Defendant guilty of this offense you must find that each of the following three elements have been proven beyond a reasonable doubt.

_____

[6] The information provided that the contact with the minor victim was "for the purpose of engaging in a sexual act, to wit: Rape, Statutory Sexual Assault, IDSI, Institutional Sexual Assault, Aggravated Indecent Assault, Indecent Exposure, Sexual Intercourse with Animal." Amended Criminal Information, 3/21/14.

> First, that the Defendant was intentionally in contact with the minor [K.H.]. . . .

> Second, that the contact was for the purpose of engaging in an unlawful act — that the unlawful act being Aggravated Indecent Assault or Indecent Assault as I've already defined to you. . . .

N.T., 3/25/14, at 46. At the conclusion of the instructions, the trial court and counsel engaged in a side bar discussion regarding whether the jury would be required to identify on the verdict slip which of the charged underlying offenses of aggravated indecent assault or indecent assault would serve as the basis for a finding of guilt as to the unlawful contact charge; the trial court ultimately concluded that a change to the verdict slip was not necessary. Id. at 48-51.

During deliberations, the jury submitted a question regarding whether a verbal proposition constituted unlawful contact under Section 6318, and the trial court reiterated to the jury that "a proposition to commit the acts entailed in Count 2, Aggravated Indecent Assault and Count 3, Indecent Assault, would constitute Unlawful Contact with a Minor." Id. at 76. The jury returned a not guilty verdict as to the attempted IDSI, aggravated indecent assault, and indecent assault charges, and a guilty verdict as to the unlawful contact with a minor and corruption of minors charges. Id. at 82. On August 7, 2014, the trial court sentenced Appellant to 62 to 124 months of incarceration on the unlawful contact charge, graded by the trial court as a felony of the first degree. Sentencing Order, 8/7/14.

Based upon our review, it is readily apparent that the first-degree felony grade applied to the unlawful contact with a minor offense was in error. While

Appellant was charged with a first-degree felony – attempted IDSI – which could serve as a basis for a conviction under Section 6318, the trial court only instructed the jury to determine whether Appellant contacted the minor victim to engage in aggravated indecent assault or indecent assault, a second-degree felony or second-degree misdemeanor, respectively. Section 6318(b) provides that the highest grade that could be applied is "the same grade and degree as the most serious underlying offense in subsection (a)," 18 Pa.C.S. § 6318(b)(1), and therefore Appellant's unlawful contact conviction could not be graded higher than the second-degree felony grade of the aggravated indecent assault charge.

Furthermore, pursuant to Reed and Weimer and in light of the fact that Appellant was charged with two Chapter 31 offenses and acquitted of both, the appropriate grading of the unlawful contact offense should have been the default third-degree felony grade. While the fact of Appellant's acquittal of the two underlying offenses does not undermine the unlawful contact conviction, the acquittal meant that the trial court "had to guess which offense [Appellant] sought to commit when he contacted" the minor victim. Reed, 9 A.3d at 1147. Reed and Weimer instruct that in such cases where the jury weighs more than one underlying Section 6318(a) offense when determining whether a defendant engaged in unlawful contact with a minor and the defendant is acquitted of all of those offenses, an unlawful contact conviction should be graded according to the lowest grade of the charged Section 6318(a) offenses or the default third-degree felony grade, whichever is

- 12 -

greater. Id. at 1147-48; Weimer, 167 A.3d at 85. Thus, Appellant's unlawful contact conviction should have been graded as a third-degree felony, and the maximum sentence that could have lawfully been imposed was seven years of incarceration. See 18 Pa.C.S. § 1103(3). Appellant's sentence of 62 to 124 months of incarceration imposed by the trial court on this count was therefore illegal. Accordingly, we vacate the sentence imposed and remand this matter for resentencing. See Weimer, 167 A.3d at 85-86 (vacating sentence of 5 to 10 years of imprisonment and remanding for resentencing where unlawful contact offense was erroneously graded as a second-degree felony and default third-degree felony grade should have applied).

Order reversed. Judgment of sentence vacated. Case remanded for resentencing consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2019