J-S02038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM MATTHEW MYERS | : | |
| | : | |
| Appellant | : | No. 786 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 24, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007386-2019

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:           **FILED: MARCH 1, 2023**

Appellant, William Matthew Myers, appeals from the judgment of sentence[1] imposed after a jury convicted him of two counts of Unlawful Contact with a Minor.[2]  He challenges an evidentiary ruling, the sufficiency of the evidence, and the legality of his sentence.  Upon review, we affirm.

The factual and procedural history is as follows.  On August 15, 2019, and early into the morning on August 16, 2019, then-14-year-old I.M. ("Victim") attended a baseball game in York with her brother.  At some point during the evening, Victim became separated from her brother.

---

[1] Appellant's notice of appeal states that appeal is from the "Order Denying Post Sentence Motion dated and entered on April 21, 2022."  Notice of Appeal, 5/21/22.  "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*).  We have changed the caption accordingly.

[2] 18 Pa.C.S. 6318(a).

After the game, around 1:00 AM, Victim waited in a public square outside the baseball stadium for her foster parent to pick her up. While Victim sat on a bench, Appellant approached Victim and asked her how old she was and why she was there. When Victim responded that she was 14 years old and waiting for a ride, Appellant walked away. But Appellant returned a few minutes later and started to talk to Victim about "sexual things" and asked her what she would do if he "tried something." N.T. Trial, 8/23-24/21, at 101. Victim felt uncomfortable and began video recording Appellant on her cell phone via the SnapChat app. Victim recorded Appellant saying the following:

> [APPELLANT]: -- fuckin' rape fuckin' never, a gentleman rape. (Laughing). I mean, not that - - I am saying, but you know you are attractive, right? Yes, you are. And if I like desired you, I mean, what would you possibly do to stop me? So then I would do the gentleman thing and just ask you instead of taking it. I'm trying to do it the gentleman way instead of just like, you know what I mean, doing it just like outright just crazy. I think it would be a whole lot better if we just did consensual. Don't you think? Because you are here. And I am here. You don't know me from a can of paint. I am not going to hurt you. As a matter of fact, I wouldn't even penetrate you. I will just lick it. What do you think?

N.T. Trial, 8/23/21, at 91-92; Commonwealth Exhibit 2.

Victim's foster parent arrived, and Victim ran to the car to escape Appellant. Victim sent the SnapChat videos of Appellant to her biological mother ("Mother"), who contacted the police the following day. Detective Tiffany Pitts of the York City Police viewed the video and identified Appellant.

The Commonwealth charged Appellant with one count of Unlawful Contact with a Minor - Involuntary Deviate Sexual Intercourse ("Unlawful

Contact-IDSI"), one count of Unlawful Contact with a Minor – Indecent Assault ("Unlawful Contact-IA"), and one count of Harassment. The court held a jury trial on August 23, 2021, and August 24, 2021. The Commonwealth presented testimony from Victim, Mother, and Detective Pitts who testified in accordance with the above events. The Commonwealth also entered the SnapChat video, as well as a transcript of the video, into evidence without objection. Appellant did not testify on his own behalf or present any evidence.

After both parties rested, Appellant made a verbal motion for judgment of acquittal of Unlawful Contact-IDSI, which the court denied.

On August 24, 2021, a jury found Appellant guilty of Unlawful Contact-IDSI, graded as a felony of the first degree, and Unlawful Contact-IA, graded as a felony of the second degree. On November 24, 2021, the court sentenced Appellant on both charges—which merged for sentencing purposes—to a mandatory minimum sentence of 25 to 50 years' incarceration pursuant to 42 Pa.C.S. § 9718.2(a)(1) due to his prior convictions of sexual offenses.

On February 3, 2022, after the trial court granted multiple extensions, Appellant filed a post-sentence motion raising, *inter alia*, a challenge to the weight of the evidence. On April 29, 2022, after a hearing, the trial court denied the motions.

Appellant timely appealed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

A. Whether the trial court erred in denying defense objection to the Commonwealth replaying Commonwealth's Exhibit "1" and making comment thereon, in the Commonwealth's closing statement to the jury which contained a nonconsensual audio and video recording by [] Victim of the testimonial statements of [] Appellant that were to constitute the crimes charges as an impermissible testimony exhibit that prejudiced [] Appellant in violation of fair trial and due process rights in Article I, Sections 1 and 9 of the Pennsylvania Constitution and the Sixth and Fourteenth Amendments of the Constitution of the United States?

B. Whether the trial court erred in denying defense motion for acquittal at the close of Commonwealth['s] case regarding the lack of sufficient evidence for Count 1, Unlawful Contact[-IDSI] in that [] Appellant's recorded statement indicated that he would not penetrate and would only lick [] Victim, which failed to establish communication of his intent to penetrate [] Victim, however slight?

C. Whether the trial court erred in denying the post sentence motion based on the verdict being against the weight of the evidence for Count 1, Unlawful Contact[-IDSI] in that the evidence did not establish that [] Appellant ever communicated an intent to penetrate [] Victim, however slight, by stating that he would not penetrate and would only lick [] Victim?

D. Whether the trial court's imposition of the mandatory minimum sentence of 25 to 50 years in a state correctional facility is cruel and unusual punishment in violation of the 8th Amendment of the Constitution of the United States and Article I, Section 13 of the Constitution of the Commonwealth of Pennsylvania given the nature of the offense?

Appellant's Br. at 4-5 (some capitalization omitted).

**A.**

In his first issue, Appellant avers that the trial court erred when it permitted the Commonwealth to replay the SnapChat video during its closing arguments. Appellant's Br. at 17. Appellant argues this was improper

readmission of testimonial type evidence that would unduly influence the jury. Appellant's Br. at 17. Upon review, Appellant's claim lacks merit.

Appellant provides no authority to support his assertion that it was improper for the trial court to allow the Commonwealth to replay a video during its closing statement—a video that had been previously entered into evidence without objection. In fact, this Court has consistently held that items introduced as evidence can be used during closing argument. **See Commonwealth v. Stark**, 526 A.2d 383, 392 (Pa. Super. 1987) (allowing recorded confession to be playing during closing argument); **Commonwealth v. Wise**, 444 A.2d 1287, 1289-90 (Pa. Super. 1982) (holding that the trial court did not err in permitting the Commonwealth to publish photos to the jury during closing argument that were already admitted as evidence); **Commonwealth v. Burton**, 330 A.2d 833, 837 (Pa. Super. 1975) (new trial not warranted where prosecutor handled weapons which had been introduced as Commonwealth exhibits). Accordingly, Appellant's unsupported claim is devoid of merit.

**B.**

In his second issue, Appellant challenges the sufficiency of the evidence to support his conviction for Unlawful Contact-IDSI. A challenge to the sufficiency of the evidence presents a question of law for which our standard of review is *de novo*. **Commonwealth v. Weimer**, 977 A.2d 1103, 1104-05 (Pa. 2009). In reviewing a sufficiency challenge, we must determine whether the evidence, and all reasonable inferences to be drawn from that evidence,

when viewed in the light most favorable to the Commonwealth as the verdict winner, establish each element of the challenged offense beyond a reasonable doubt. *Commonwealth v. Brewer*, 876 A.2d 1029, 1032 (Pa. Super. 2005). The trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Commonwealth v. Melvin*, 103 A.3d 1, 40 (Pa. Super. 2014). Moreover, the trier of fact may base a conviction solely on circumstantial evidence. *Id.* In conducting this review, the appellate court may not reweigh the evidence and substitute its judgment for that of the fact-finder. *Id.* at 39-40.

A person is guilty of Unlawful Contact with a Minor if he or she is intentionally in contact with a minor for the purpose of engaging in a prohibited Chapter 31 sexual offense. 18 Pa.C.S. § 6318(a)(1). As this Court has explained that "[t]he statute is best understood as unlawful **communication** with a minor, for by its plain terms, it prohibits communication with a minor for the purpose of carrying out certain sex acts." *Commonwealth v. Davis*, 225 A.3d 582, 587 (Pa. Super. 2019) (emphasis in original). Notably, "Section 6318 does not require that a defendant even be charged with, let alone convicted of, any underlying substantive offense for which he contacted the minor." *Commonwealth v. Aikens*, 168 A.3d 137, 141 (Pa. 2017). Moreover, "a defendant need not be successful in completing the purpose of his communication with a minor in order to be convicted of unlawful contact with a minor." *Id.*

- 6 -

Relevant to this appeal, a person is guilty of IDSI if he "engages in deviate sexual intercourse" with a Victim who is less than 16 years of age. 18 Pa.C.S. § 3123(a)(7). "Deviate sexual intercourse" is defined as "[s]exual intercourse per os or per anus between human beings" and "includes penetration, however slight, of the genitals[.]" *Id.* at § 3101. "Deviate sexual intercourse is considered to have occurred if one's mouth or tongue penetrates the vaginal area of another." *In Interest of J.R.*, 648 A.2d 28, 33 (Pa. Super. 1994). "Additionally, we note that 'actual' penetration of the vagina is not necessary; some form of oral contact with the genitalia of the female victim is all that is required." *Id.*

Instantly, Appellant avers that his recorded statement: "I wouldn't even penetrate you. I will just lick it" did not rise to the level of Unlawful Contact-IDSI. Appellant argues that the evidence was not sufficient to prove his intent to penetrate the victim because he did not specify where or how he would lick Victim and, in fact, stated to Victim that he did not intend to penetrate. Appellant's Br. at 23. We disagree.

The evidence clearly demonstrates that Appellant communicated with a minor for the purpose of carrying out a sex act. In his statements to Victim, he talks about "rape" and then asks Victim to "consent" so that he can be a "gentleman." Appellant then goes on to discuss penetration and licking "it." Given the totality of the evidence, it was reasonable for the jury to infer that Appellant was referring to a form of oral contact with Victim's genitalia. Viewing the evidence in the light most favorable to the Commonwealth as the

verdict winner, the Commonwealth presented sufficient evidence to convict Appellant of Unlawful Contact-IDSI.

## C.

In his third issue, Appellant purports to challenge the weight of the evidence. However, upon review, we discern that Appellant is essentially re-raising a challenge to the sufficiency of the evidence. Appellant addresses his weight claim in the same section as his sufficiency claim, and simply repeats the arguments that he used to support his sufficiency claim, *i.e.*, that Appellant's statement did not communicate an intent to penetrate Victim but rather a desire to lick Victim in some unspecified manner. *Id.* at 24. Accordingly, Appellant avers, there was insufficient evidence to demonstrate Unlawful Contact-IDSI and the jury's verdict "shocks one's sense of justice." *Id.* at 25. As explained above, Appellant's sufficiency claim does not entitle him to relief, and this attempted weight challenge fails.

## D.

In his final issue, Appellant avers that the trial court's imposition of a mandatory minimum sentence of 25 to 50 years' incarceration, imposed pursuant to Section 9718.2,[3] is cruel and unusual punishment in violation of

_____

[3] Section 9718.2 (a)(1) provides, in relevant part: "Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission

*(Footnote Continued Next Page)*

the Eighth Amendment of the U.S. Constitution and Article 1, Section 13 of Commonwealth of Pennsylvania Constitution. Appellant's Br. at 25. Appellant argues that the mandatory minimum sentence imposed in this case is disproportionate to the nature of the offense, which he characterizes as a mere "verbal communication." *Id*. at 28. We are unpersuaded.

Appellant's challenge to the constitutionality of his sentence is a pure question of law. *Brown v. Levy*, 73 A.3d 514, 517 (Pa. 2013). Therefore, our scope of review is plenary and our standard of review is *de novo*. *Id.*

In addressing constitutional challenges, we are mindful that there is a strong presumption that legislative enactments are constitutional. *Commonwealth v. Barud*, 681 A.2d 162, 165 (Pa. 1996). For an act to be declared unconstitutional, an appellant must prove that the act "clearly, palpably and plainly" violates the constitution. *Id.* (citation omitted). "All doubts are to be resolved in favor of sustaining a statute; thus an appellant has the heavy burden of persuasion when challenging the constitutionality of a statute." *Commonwealth v. Nguyen*, 834 A.2d 1205, 1208 (Pa. Super. 2003).

Moreover, "Pennsylvania courts have repeatedly and unanimously held that the Pennsylvania prohibition against cruel and unusual punishment is

---

of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary." 42 Pa.C.S. § 9718.2(a)(1).

coextensive with the Eighth and Fourteenth Amendments to the United States Constitution, and that the Pennsylvania Constitution affords no broader protection against excessive sentences than that provided by the Eighth Amendment to the United States Constitution." **Commonwealth v. Elia**, 83 A.3d 254, 267 (Pa. Super. 2013) (citation and internal quotation marks omitted). Appellant has not argued to the contrary. Accordingly, we only need to review Appellant's claim under the Eighth Amendment. **Commonwealth v. Barnett**, 50 A.3d 176, 197 (Pa. Super. 2012).

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., Amend. VIII. "The Cruel and Unusual Punishment clause prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." **Elia**, 83 A.3d at 268 (Pa. Super. 2013) (citation and internal quotation marks omitted). However, "[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences which are grossly disproportionate to the crime." **Commonwealth v. Baker**, 78 A.3d 1044, 1047 (Pa. 2013) (citation omitted).

In order to determine if a sentence violates the Eighth Amendment, this Court applies a three-pronged test, including:

> (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Id.* (citation omitted). Importantly, we are not obligated to reach the second and third prongs of the test "unless a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." ***Commonwealth v. Succi***, 173 A.3d 269, 285 (Pa. Super. 2017) (citation omitted).

Appellant's claim of disproportionality challenges the constitutionality of the recidivist sentencing statute germane to repeat convictions of sexual offenses. Challenges to recidivist sentencing schemes are rarely successful. ***Baker***, 78 A.3d at 1048.[4]

In ***Baker***, our Supreme Court upheld the imposition of a mandatory minimum sentence of 25 to 50 years' incarceration for a defendant who had been convicted of possessing child pornography more than one time. 78 A.3d 1052. Baker argued that his sentence was a simple, non-serious, possessory offense. Our Supreme Court disagreed and emphasized "the fact that [the appellant] is a repeat offender certainly goes to the gravity of his instant offense." *Id.* at 1051. The Court also explained that the appellant's sexually

_____

[4] In ***Baker***, our Supreme Court observed that the United States Supreme Court has only once struck down as unconstitutional the application of a recidivist sentencing statute after a South Dakota court imposed a sentence of life imprisonment without the possibility of parole based on the appellant's conviction of passing a bad check in the amount of $100. 78 A.3d at 1048. ***See***, ***e.g.***, ***Rummel v. Estelle***, 445 U.S. 263 (1980) (finding no violation of the Eighth Amendment where a Texas court imposed a sentence of life with the possibility of parole after 12 years' incarceration for receiving $120 under false pretenses); ***Ewing v. California***, 538 U.S. 11, 17-20, 30-31 (2003) (upholding the constitutionality of a sentence of 25 years' to life imposed pursuant to California's three-strikes law upon a conviction of theft involving three golf clubs).

based crimes could not be viewed "in a manner that detaches them from the devastating victimization" and "sexual abuse and exploitation of innocent children for personal gratification." *Id.* at 1052.

As *Baker* instructs, the fact that Appellant is a repeat offender is relevant to the gravity of his offense. Over the last 33 years, Appellant has been convicted of statutory rape, indecent assault (both to an adult and child), corruption of minors, and unlawful restraint of an adult. N.T. Sentencing, 11/24/21, at 9-10. Moreover, Appellant's characterization of his crime as a mere "verbal communication" is disingenuous and detaches the crime from Appellant's overall pattern of sexual victimization. As the trial court opined in finding Appellant's sentence to be constitutional:

> [A]ppellant is a repeat offender. The nature of the offense is of grave concern to the [c]ourt and the community. [] Appellant poses a risk to the community. The facts surrounding the crime concern the [c]ourt of Appellant's ability to be rehabilitated, and this is not Appellant's first conviction relating to a minor. [V]ictim, in this case, was a 14-year-old child at the date of the offense that he prayed upon. The crime took place in the early hours of the morning. The victim explicitly told [] Appellant that she was 14 and yet continued to propose performing sexual acts upon [V]ictim. The [c]ourt only wonders what else would have happened if the victim's foster father had not shown up when he did.

Trial Ct. Op., 8/25/22, at 11.

Appellant's bald assertion that his sentence is grossly disproportionate to the gravity of the offense fails to persuade us that his sentence is unconstitutional. Appellant mischaracterizes his crime as "verbal communication" with Victim when, in reality, he was propositioning a child for

sex. Given the fact that Appellant is a repeat offender, has preyed on children more than once, was aware that Victim was 14 years old, and repeatedly propositioned Victim for sex, this Court's threshold comparison of the crime committed and the sentence imposed fails to lead to an interference of gross disproportionality. Accordingly, Appellant's claim that his sentence violates the Eighth Amendment fails.[5]

**E.**

In sum, the Commonwealth presented sufficient evidence to convict Appellant of Unlawful Contact-IDSI and his mandatory minimum sentence of 25 to 50 years' incarceration is constitutional. Moreover, the trial court did not abuse its discretion by allowing the Commonwealth to present previously admitted evidence during its closing argument. Accordingly, none of Appellant's claims garner relief.

---

[5] Appellant also raises several challenges to the discretionary aspects of sentencing, including that the trial court failed to consider (1) the mandatory minimum sentence exceeds the standard range sentencing guidelines, (2) Appellant would not be eligible for parole until he is 85 years old, and (3) Appellant suffers from numerous mental health diagnoses. Appellant's Br. at 27-28. Insofar as the imposed sentence was not discretionary, but rather mandatory, we decline to address these arguments.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/1/2023