J-A09015-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MATTHEW CONFER | |
| Appellant | No. 1059 WDA 2020 |

Appeal from the Judgment of Sentence Entered September 10, 2020
In the Court of Common Pleas of McKean County
Criminal Division at No.: CP-42-CR-0000205-2020

BEFORE:  STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: SEPTEMBER 16, 2021**

Appellant Matthew Confer appeals from the September 10, 2020 judgment of sentence entered in the Court of Common Pleas of McKean County ("trial court"), following his negotiated guilty plea to criminal attempt, and criminal mischief.[1]  His counsel has filed a brief and an application to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1969), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  Upon review, we affirm the judgment of sentence and grant counsel's application to withdraw.

On May 23, 2020, City of Bradford Police Department charged Appellant with, *inter alia*, the foregoing crimes.  The affidavit of probable cause accompanying the complaint alleged:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 3921(a), and 3304(a)(5), respectively.

A male came into the BPD to report that there was a male in the parking lot of Tops Market attempting to break into vehicles and he had a knife. [Officer Shelby J. Walters] arrived at Tops and located 4 individuals standing in the parking lot. One of the individuals stated that his brother had a video of a male attempting to break into a vehicle. The male showed [Officer Walters] a video of a male on one knee trying to pick the lock of a vehicle with a knife. [Officer Walters] identified the male as [Appellant]. [Appellant] is familiar to [Officer Walters] from previous incidents. [Officer Walters] then saw a red Dodge sedan's rear brake lights light up and the witness stated that the male was in the red Dodge sedan. Officer Miller arrived at that time and [Officer Walters] approached the vehicle. [Officer Walters] saw that [Appellant] was sitting in the driver's seat of the Dodge sedan with the door closed. [Officer Walters] then detained [Appellant] in handcuffs and briefly patted [him] down over the clothing to make sure he did not have the knife or any other weapons on him. [Appellant] told [Officer Walters] multiple times that he was the owner of the vehicle and to look at his tag. [Officer Walters] did run the registration of the vehicle and the vehicle was not registered to [Appellant]. Officers inquired about the tag [Appellant] kept referring to and [Appellant] stated that it showed who he is. [Appellant] had an ID badge clipped to the neck of his shirt. The car was in disarray with multiple papers strewn inside of the vehicle. [Officer Walters] was then informed by the witnesses that [Appellant] had attempted to gain entry into a different vehicle as well. [Officer Walters] saw the cover to the driver's side handle lock had been broken off but the vehicle was still locked. [Officer Walters] then went back to the passenger side of the Dodge sedan and saw that the center console was open and there were broken cigarettes inside of the center console as well as on the driver's seat of the vehicle. [Officer Walters] was able to locate the knife. The knife had been inserted into the ignition of the Dodge Sedan. [Appellant] was still claiming that his name was on the tag. I looked at the tag and saw that the ID badge was for a male named Collin Maines. The photo on the ID badge was not [Appellant's].

Affidavit of Probable Cause, 5/23/20 (sic). The charges were held for court.

On September 2, 2020, Appellant entered into a negotiated guilty plea.

At the guilty plea hearing, he acknowledged on the record that his negotiated

plea agreement called for 12 to 24 months' imprisonment in a state facility. N.T. Guilty Plea, 9/2/20, at 3. In his written colloquy, he acknowledged that his maximum sentence for attempted theft by unlawful taking was a third-degree felony that carried a maximum sentence of seven (7) "years and $15,000." Written Plea Agreement, 9/2/20, at ¶ 40. The trial court then reviewed with Appellant all of the rights he would be relinquishing by pleading guilty. Appellant indicated that he understood those rights and was pleading guilty because his "fingerprints are all over that knife." N.T. Guilty Plea, 9/2/20, at 5-6. He remarked that "I know I'm guilty I know I did a (inaudible – fading out) did a crime so I want to admit – I want to man up and take responsibility for my actions." *Id.* at 6. Appellant indicated to the trial court that he reviewed and signed the written plea agreement. *Id.* at 6-7. Appellant further agreed on the record that it was Appellant's decision to plead guilty and that "[n]o one is making me do this this is all my – all me, I'm making this decision on my own." *Id.* at 7. He also stated that he was not sick, or under the influence of any medication and was thinking clearly. *Id.* at 7-8. Appellant agreed to the Commonwealth's facts supporting the listed charges. *Id.* at 8-9. At the end of the hearing, Appellant indicated that he wished to expedite sentencing because "I want [(sic)] hurry up and get going and do my time." *Id.* at 10.

On September 10, 2020, consistent with the terms of the plea, the trial court sentenced Appellant to, *inter alia*, 12 to 24 months' incarceration with a concurrent term of 24 months' probation. Appellant received 111 days' credit

for time served.  Appellant did not file any post-sentence motions.  He timely appealed.  The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Instead of the court-ordered Rule 1925(b) statement, however, Appellant's counsel filed a statement of intent to file an *Anders* brief under Pa.R.A.P. 1925(c)(4).[2]  In response, the trial court issued a brief Rule 1925(a) statement.

On December 10, 2020, Appellant's counsel filed in this Court an application to withdraw as counsel and filed an *Anders* brief, wherein counsel challenged the legality of the sentence.[3]  *Anders* Brief at 4.

When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first examining counsel's petition to withdraw.  *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).  It is well-established that, in requesting a withdrawal,

---

[2] Rule 1925(c)(4) provides:

> In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an [*Anders*] brief in lieu of filing a Statement.  If, upon review of the [*Anders*] brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both.  Upon remand, the trial court may, but is not required to, replace appellant's counsel.

Pa.R.A.P. 1925(c)(4).

[3] As the Commonwealth notes, the basis for Appellant's legality of sentence challenge is unclear, because he does not identify any sentencing errors.  We, however, suspect that Appellant is objecting to the imposition of the 12 to 24 months' sentence.

counsel must satisfy the following procedural requirements: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) provide a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel, proceed *pro se* or raise additional arguments that the defendant considers worthy of the court's addition. ***Commonwealth v. Lilley***, 978 A.2d 995, 997 (Pa. Super. 2009).

Instantly, counsel's application to withdraw from representation provides that counsel reviewed the record and concluded that the appeal is frivolous. Furthermore, counsel notified Appellant that he was seeking permission to withdraw and provided Appellant with copies of the petition to withdraw and his ***Anders*** brief. Counsel also advised Appellant of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention. Accordingly, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

We next must determine whether counsel's ***Anders*** brief complies with the substantive requirements of ***Santiago***, wherein our Supreme Court held:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 5 -

*Santiago*, 978 A.2d at 361. Here, our review of counsel's brief indicates that he has complied with the briefing requirements of *Santiago*. We, therefore, conclude that counsel has satisfied the minimum requirements of *Anders*/*Santiago*.

Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5. Thus, we now turn to the merits of Appellant's appeal.

Appellant's sole issue before us implicates the legality of sentence,[4] which we treat as a question of law. *Commonwealth v. Aikens*, 139 A.3d 244, 245 (Pa. Super. 2016), *aff'd* 168 A.3d 137 (Pa. 2017). Our standard of review over such questions is *de novo* and the scope of review is plenary. *Id.*

_____

[4] "[W]e note that when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa. Super. 2012) (citation omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). Differently put, a defendant may not challenge the discretionary aspects of his or her sentence, where the terms of the sentence were made part of the negotiated plea. *Commonwealth v. Baney*, 860 A.2d 127, 131 (Pa. Super. 2004), *appeal denied*, 877 A.2d 459 (Pa. 2005); *see Commonwealth v. Reid*, 117 A.3d 777, 784 (Pa. Super. 2015) (holding that a challenge to the discretionary aspects of a negotiated sentence is unreviewable).

Here, we agree with counsel that Appellant's legality of sentence challenge is wholly frivolous and devoid of any merit. As stated, he ***agreed*** to 12-24 months' incarceration with a concurrent term of 24 months' probation for attempted theft by unlawful taking, a third-degree felony carrying a ***maximum sentence of seven years in prison***. ***See*** 18 Pa.C.S.A. §§ 106(b)(4); 1101; 1103(3). The agreed-upon sentence of 12 to 24 months in prison was legal because it was within the standard range and did not exceed the seven-year maximum. Accordingly, Appellant does not obtain relief.

We have conducted an independent review of the record and have addressed Appellant's argument on appeal. Based on our conclusions above, we agree with Appellant's counsel that the issue Appellant seeks to litigate in this appeal is without merit, and our independent review of the record has not revealed any other meritorious issues. We affirm the judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2021

- 7 -